UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1167 JVS (ASx) | Date | September 21, 2015 |
| Title | Chuck Feyrer v. Electronic Environments Corp., et al. | | |

Present: The Honorable   James V. Selna

| Karla J. Tunis | Sharon Seffens |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:

Janeen Carlberg

Attorneys Present for Defendants:

John Haubrich

**Proceedings:   Plaintiff's Motion to Remand (Fld 8-21-15)**

**Cause called and counsel make their appearances.   The Court's tentative ruling is issued.   Counsel submit on the Court's tentative ruling.   The Court DENIES the plaintiff's motion to remand in accordance with the tentative ruling as follows:**

Plaintiff Chuck Feyrer ("Feyrer") moves to remand the above-titled action to Orange County Superior Court.  (Docket No. 13.)  Defendants Electronic Environments Corporation ("EEC") and Michael Goodbrand ("Goodbrand") (collectively, "Defendants") oppose.  (Docket No. 15.)  Feyrer has not replied.

For the following reasons, the Court DENIES Feyrer's motion.

I.   REQUEST FOR JUDICIAL NOTICE

Defendants bring a request for judicial notice ("RJN").  (Docket No. 16.)  Defendants request that the Court take notice of (1) Feyrer's initial complaint for damages filed in Feyrer v. Electronic Environments Corporation, et al., Orange County Superior Court Case No. 30-2014-00759611-CU-WT-CJC and (2) Feyrer's first amended complaint ("FAC") filed in Feyrer v. Electronic Environments Corporation, et al., Orange County Superior Court Case No. 30-2014-00759611-CU-WT-CJC.  (RJN, Exs. 1 & 2.).

The Court "may take judicial notice of court filings and other matters of public

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1167 JVS (ASx) | Date | September 21, 2015 |
| Title | Chuck Feyrer v. Electronic Environments Corp., et al. | | |

record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, the Court takes judicial notice of aforementioned documents as they are Orange County Superior Court filings.

II.     BACKGROUND

The above-titled action is an employment discrimination and harassment action against Defendants. The following facts are alleged in Feyrer's FAC unless otherwise noted.

Feyrer is a former employee of EEC, a company that provides HVAC maintenance to cell tower air conditioners.[1] (FAC ¶¶ 1-2.) Feyrer began working as a logistics agent at EEC's Placentia branch office in 2008 and routinely received positive performance reviews. (Id. ¶ 8.) Goodbrand was Feyrer's supervisor during his employment at EEC.[2] (Id. ¶ 3.)

In November 2011, EEC President Mike Kingsley ("Kingsley") visited the Placentia branch office. (Id. ¶ 9.) While Kingsley was meeting with a regional manager, Feyrer delivered them lunch, and Kingsley was "upset" by Feyrer's appearance. (Id. ¶¶ 9-10.) Kingsley said that Feyrer was "too fat" and "too old" to perform his job. (Id. ¶ 10.) Kingsley wanted Feyrer terminated and accordingly instructed Goodbrand to "build a file to be used against Mr. Feyrer in order to support his termination." (Id. ¶ 10.)

Feyrer's annual performance review was scheduled to take place in February 2012. (Id. ¶ 11.) Just prior to this time, Goodbrand sent an email to some EEC employees to solicit complaints and negative feedback about Feyrer. (Id. ¶ 12.) Feyrer then "received the worst employee review ever by the company." (Id.)

Because Kingsley was pressuring Goodbrand to terminate Feyrer, Goodbrand put Feyrer on a 90-day performance improvement plan ("PIP") that would be impossible to

---

[1] Feyrer is a citizen of California for jurisdictional purposes, and EEC is a Massachusetts corporation. (Notice of Removal ¶¶ 5-6.)

[2] Goodbrand is a citizen of California for jurisdictional purposes. (Notice of Removal ¶ 7.)

pass and would include "degrading" janitorial tasks. (Id. ¶ 13.) However, Feyrer successfully performed the items and "improved significantly." (Id. ¶ 14.) Goodbrand told Feyrer that the corporate office wanted to extend the PIP for 30 days. (Id.)

Approximately two weeks later, on April 20, 2012, Feyrer was having difficulty ordering a part he needed. (Id. ¶ 15.) Goodbrand started yelling at Feyrer, ordering him repeatedly to "call the vendor again, this is urgent." (Id.) As a result of the pressure, Feyrer had a panic attack and left a half-day early. (Id.)

When Feyrer returned to work on April 23, 2012, Goodbrand immediately terminated him. (Id. ¶ 16.)

Based on the foregoing, Feyrer sued EEC and Goodbrand, asserting claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 et seq., for (1) perceived physical disability discrimination against EEC; (2) age discrimination against EEC; (3) harassment against EEC and Goodbrand; (4) failure to prevent discrimination and harassment against EEC; and (5) wrongful termination against EEC. (Id. ¶¶ 17-62.)

Despite a lack of complete diversity between Feyrer and Defendants, Defendants removed the action on the basis of diversity to this Court on July 23, 2015, asserting that Goodbrand's citizenship should be disregarded for diversity purposes because he is a "sham defendant" fraudulently joined solely to defeat diversity jurisdiction. (Notice of Removal ¶¶ 9-11.) Defendants claim that the facts supporting their fraudulent joinder theory were discovered after conducting a two-day deposition of Feyrer. (Id.)

Feyrer disputes that Goodbrand was fraudulently joined and contends that this action should be remanded for lack of subject-matter jurisdiction.

### III.   LEGAL STANDARD

Remand to state court is proper if the district court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). Although complete diversity normally is required for removal jurisdiction, "fraudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 15-1167 JVS (ASx)      Date    September 21, 2015

Title      Chuck Feyrer v. Electronic Environments Corp., et al.

Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193, 1193 n.1 (9th Cir.1988); McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). Joinder of a non-diverse defendant is fraudulent if "the plaintiff fails to state a cause of action against a [non-diverse] defendant, and the failure is obvious according to the settled rules of the state." Hamilton Materials, Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (quoting McCabe, 811 F.2d at 1339).

"Fraudulent joinder must be proven by clear and convincing evidence." Hamilton, 494 F.3d at 1206 (citing Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir.1998)). Additionally, "there is a general presumption against fraudulent joinder." Hamilton, 494 F. 3d at 1206 (citing Dodson v. Spiliada Mar. Corp., 951 F.2d 40, 42 (5th Cir. 1998)). "The defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) (citing Dodson, 951 F.2d at 42). In determining whether joinder was fraudulent, the Court may consider supplemental evidence not within the removal notice. Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing Cohn v. Petsmark, Inc., 281 F.3d 837, 840 n.1. (9th Cir. 2002)).

IV.    DISCUSSION

Feyrer makes four arguments in favor of remanding the action to state court. The Court addresses each in turn.

First, Feyrer argues that Defendants' removal was untimely. (Mot. Remand 12-14.) Feyrer argues that Defendants were able to ascertain a basis for removal under a fraudulent joinder theory after the first day of Feyrer's deposition (May 7, 2015) at latest, rendering Defendants July 23, 2015 removal untimely. See 28 U.S.C. § 1446(b)(3). Defendants argue that they did not learn the facts supporting removal until the second day of Feyrer's deposition (June 23, 2015) when Feyrer was specifically questioned about his claim for harassment against Goodbrand, as opposed to his other claims for discrimination and wrongful termination against EEC. (Opp'n Mot. Remand 7-8.) The Court agrees with Defendants. The presence of Goodbrand as a non-diverse defendant prevented Defendants from removing the case initially, and it is not evident from the allegations in the FAC that Goodbrand is a sham defendant. Feyrer was first specifically

Case 8:15-cv-01167-JVS-AS   Document 18   Filed 09/21/15   Page 5 of 7   Page ID #:685

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1167 JVS (ASx)                                    Date  September 21, 2015

Title     Chuck Feyrer v. Electronic Environments Corp., et al.

asked about his harassment claim against Goodbrand on June 23, giving rise to testimony from which it could be ascertained that Goodbrand was a sham defendant and that there was a basis for removal. (Mot. Remand 7-8.) While some of Feyrer's testimony is duplicative of testimony given in response to Defendants' May 7 questions about his discrimination claims against EEC, Defendants note that harassment was not mentioned even once on May 7. (Mot. Remand 7-8.) Thus, the Court concludes that the case was timely removed.

Second, Feyrer argues that Goodbrand is not a sham defendant and that his presence in the case destroys the complete diversity of citizenship necessary to support the Court's diversity jurisdiction over the action. (Mot. Remand 17-19.) As noted above, Feyrer alleges a single claim against Goodbrand for harassment based on his perceived physical disability and/or age under Cal. Gov't Code § 12940(j)(1)  (FAC ¶ 37.) Section 12940(j)(1) prohibits "an employer . . . or any other person" from harassing an employee because of, inter alia, physical disability or age. "Harassment" includes, but is not limited to, verbal harassment (e.g., derogatory comments or slurs on a basis enumerated in FEHA), physical harassment (e.g., assault or blocking movement when directed at an individual on a basis enumerated in FEHA), or visual harassment (e.g., derogatory posters or drawings on a basis enumerated in FEHA). 2 C.C.R. § 11019. In contrast to discrimination, which "refers to bias in the exercise of official actions on behalf of the employer," "harassment refers to bias that is expressed or communicated through interpersonal relations in the workplace." Roby v. McKesson Corp., 47 Cal. 4th 686, 707 (2009). In other words, "[h]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 63 (1996).

Feyrer's deposition testimony demonstrates by clear and convincing evidence no possibility of a harassment claim against Goodbrand. As discussed above, Feyrer's underlying theory of the case is that Kingsley specifically decided to terminate him based on his age and weight and instructed Goodbrand to "build a file" of pretextual performance-based reasons for terminating him. (FAC ¶¶ 10-13.) These allegations indicate unlawful employment discrimination, but they do not suggest that Goodbrand unlawfully harassed Feyrer based on a perceived disability or age. While Feyrer generically alleges that a "Defendant" harassed him (see FAC ¶¶ 36-48), Feyrer's account

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 15-1167 JVS (ASx)                             Date  September 21, 2015

Title    Chuck Feyrer v. Electronic Environments Corp., et al.

of the events giving rise to his putative harassment claim confirms that there is no possibility that Goodbrand committed actionable harassment. It is evident based on Feyrer's deposition that Goodbrand did not personally express or communicate an offensive message or bias to Feyrer based on his age or weight. Feyrer testified that no employee besides Kingsley, including Goodbrand, made any comments regarding his age or weight while he was employed at EEC. (Opp'n Mot. Remand 10-11.) Feyrer also testified that while he felt that Goodbrand imposed "unrealistic" performance expectations on him (Feyrer Depo. II, 304:4-18), he did not perceive that Goodbrand was targeting him because of his weight or treating him differently because of his age (Feyrer Depo. II, 309:4-25). He also indicated that Goodbrand was acting on the instruction of management, specifically Kingsley, who decided to terminate him because of his age and weight. (Feyrer Depo. I, 111:16-112:2.) Such factual circumstances do not demonstrate any unlawful harassment by Goodbrand. Because the Court concludes Defendants have demonstrated that there is no possibility that Feyrer can establish a claim for harassment against Goodbrand, the Court must consider his joinder fraudulent. Therefore, the Court ignores his citizenship for the purposes of analyzing whether complete diversity exists to support the Court's diversity jurisdiction over the action.

     Third, Feyrer argues that the Court does not have diversity jurisdiction over the case because Defendants have not shown that more than the jurisdictional minimum is at issue in this case. (Mot. Remand 22-24.) However, Feyrer cannot in good faith deny that less than $75,000 in is at issue in this case when he served Defendants with a Statement of Damages claiming damages in excess of $1,500,000. (See Haubrich Decl. ¶ 3, Ex. A.) Accordingly, the amount in controversy at stake in this case is jurisdictionally sufficient.

     Finally, Feyrer argues that the case should be remanded because Defendants have waived their right of removal by taking defensive action in state court and thereby submitting to its jurisdiction. (Mot. Remand 24-25.) "A party, generally the defendant, may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1241 (9th Cir. 1994). Here, it only became evident that the case was removable under a fraudulent joinder theory following the conclusion of Feyrer's depositions. Defendants then timely removed the case. Such circumstances do not indicate a "clear and unequivocal" waiver

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 15-1167 JVS (ASx) | Date | September 21, 2015 |
| Title | Chuck Feyrer v. Electronic Environments Corp., et al. | | |

of the right of removal.  See id.

V.   CONCLUSION

Feyrer's motion to remand is DENIED as set forth above.

       IT IS SO ORDERED.

                                                :     02

                         Initials of Preparer       kjt